UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
JSDC, CLERK, CHARLESTON, SC

2010 SEP 16  P 2:51

Katelyn M. Tyler, minor child of Lynn Tyler,

    Plaintiff,

vs.

Commissioner of Social Security,

    Defendants.

C/A No.: 2:10-2218-MBS-RSC

Report and Recommendation

---

The sole issue in this Report and Recommendation is whether Plaintiff should be required to pay the filing fee, or whether her financial condition justifies waiver of the filing fee.

Plaintiff has commenced this appeal against the Commissioner of Social Security. Under the provisions of 28 U.S.C. § 636, and Local Civil Rule 73.02 DSC, this magistrate judge is authorized to review all pretrial matters in litigation brought by persons proceeding *pro se* and submit findings and recommendations to the District Court.

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), also known as an application to proceed *in forma pauperis*. In her application, plaintiff states she has gross income of $19,602.00 or take-home pay of $520.00 bi-monthly. She also states that in the past twelve

-1-

months she has received money from "rent payments, interest, or dividends," from unspecified "other sources," from part-time seasonal retail work, odd jobs and cleaning, and from a monthly social security benefit. She reports, as well, that she has $4000.00 in cash, checking or savings. She has a car, two residences, and a timeshare. She further states that she supports one child, and she lists her expenses, which total approximately $2380.00 per month. This information raises serious questions over the application to proceed without prepayment of fees.

A litigant is not required to show that she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948) (unanimous decision) (Black, J.). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed that the appropriate disposition of § 1915 applications is not always clear: " '[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting

*Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973) (per curiam)).

In *Carter*, the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

(1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"

(2) Is his "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). *See also Failor v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and *Thomas v. Califano*, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978). Upon a review of all the information before the Court, mindful of the tests set forth in *Carter*, it does <u>not</u> appear that Plaintiff would be barred from the federal courts because she simply does not have the money for the filing fee of $350.00, nor that paying that fee would effectively block her access to the courts by imposing on her an "undue

hardship," nor that the fee would wring from her her last dollar or essentially render her destitute. Hence, Plaintiff must " 'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?' " *Carter*, 452 F. Supp. at 944 (quoting *Carroll v. United States*, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).

There are no clear precedents in the Fourth Circuit as to whether a magistrate judge can deny an application to proceed *in forma pauperis*, but another United States Court of Appeals has concluded that a magistrate judge cannot do so. In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (per curiam), the court ruled that a denial of an application to proceed *in forma pauperis* is the equivalent of an involuntary dismissal, which cannot be ordered by a magistrate judge:

> Plaintiffs have both appealed from magistrate orders denying leave to proceed in forma pauperis. <u>Sua sponte</u>, we address the issue of whether magistrates have authority to deny a motion for pauper status and conclude they do not.
>
> . . . . Although [28 U.S.C. §] 636(b)(1)(A)[1] does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.
>
> A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must

---

[1]Restricting the authority of magistrate judges to issue dispositive orders.

make such a recommendation to the district judge who will then take final action.

894 F.2d at 187-88 (footnote omitted). *See also Cavender v. Seabold*, No. 92-6587, 1993 WL 137075, at *1, 992 F.2d 1216 (6th Cir. 29 Apr. 1993) (table); *Thornton v. Brady*, No. 89-3882, 1990 WL 86697, at *1, 905 F.2d 1539 (6th Cir. 20 June 1990) (table); *United States v. General Foods Corp.*, File No. 1:90-CV-397, (W.D. Mich. 31 August 1993) ("Of course, where a magistrate judge lacks jurisdiction to enter an order dispositive of a matter, the proper course of action by a magistrate judge is to issue a report and recommendation for de novo review by the district judge.")(citing *Bennett v. General Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 997 (6th Cir. 1992); *Woods, supra*); *Business Credit Leasing, Inc. v. City of Biddeford*, 770 F. Supp. 31, 32 & n.1 (D. Maine 1991) (following *Woods*, magistrate judge's "Memorandum of Decision" treated as "Recommended Decision").

Therefore, this Report and Recommendation has been prepared, so that Plaintiff may obtain review by a United States district judge.[2]

---

[2] If the plaintiff wishes to pay the full filing fee, instead of filing objections which would be reviewed by a U.S. District Judge, the plaintiff may forward payment to the Court. Any payment should be made payable to the Clerk of Court, United States District Court, 901 Richland Street, Columbia, S.C. 29201. The Civil Action Number, listed above, should be placed on any payment sent to the Court.

## RECOMMENDATION

On the sole issue of this Report and Recommendation, it is recommended that the Application to Proceed Without Prepayment of Fees be **denied**. *<u>Plaintiff's attention is directed to the important notice on the next page.</u>*

*[signature]*
Robert S. Carr
United States Magistrate Judge

September /6 , 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).