IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lynn Tyler, on behalf of )<br>Katelyn M. Tyler, a minor child, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No.8:10-2218-MBS-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, U.S.C. § 636(b)(1)(B).[1] Proceeding pro se on behalf of her minor child Katelyn M. Tyler ("Katelyn"), Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her daughter's claim for child's insurance benefits prior to January 2006. For the reasons set forth below, it is recommended that the decision of the Commissioner be affirmed.

## PROCEDURAL HISTORY

Ricky D. Tyler ("Tyler"), Katelyn's father, applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") in February 2004. [R. 126–28; *see* R. 80–84.] On May 24, 2006, an administrative law judge ("ALJ") issued a decision granting Tyler's claims, finding he had been disabled since October 1, 2000. [R. 19–25.] On

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

January 5, 2007, Plaintiff applied on Katelyn's behalf for child's insurance benefits based on Tyler's Social Security record.[2] [R. 112–18.]

In an initial determination, the Social Security Administration ("the Administration") granted the application and found Katelyn was entitled to child's insurance benefits beginning January 2006 but not before. [*See* R. 11, 45.] Plaintiff filed a request for reconsideration, seeking a determination that Katelyn was entitled to benefits beginning February 2003. [R. 47.] After the initial determination was affirmed on reconsideration [R. 45–46], Plaintiff requested a hearing before an ALJ [R. 44]; a hearing was held on March 19, 2008 [R. 570–77]. On August 18, 2008, the ALJ denied Plaintiff's claim, finding that, pursuant to 20 C.F.R. § 404.621, Katelyn was entitled to benefits beginning January 2006 but not before. [R. 11–12.]

Plaintiff filed a request for review with the Appeals Council [R. 7, 568], but the Appeals Council denied Plaintiff's request for review [R. 3–6] such that the ALJ's decision became the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981. Plaintiff timely commenced this action for judicial review on August 25, 2010. [Doc. 1.]

---

[2] At the hearing held on March 19, 2008, Plaintiff testified she and Tyler married after Katelyn was born and were divorced in October 2003. [R. 573, 575.] However, in his application for disability insurance benefits filed in February 2004, Tyler represented he did not have any children under the age of 18 who may be entitled to Social Security benefits on his record. [R. 126–27.] Plaintiff testified Tyler applied for benefits when he was very ill, told his attorney that he had a minor child but the attorney failed to list the child on documents filed with the Administration, and Tyler did not catch the mistake because of his illness. [R. 574.] Plaintiff also testified she did not know Tyler was disabled until December 2006, and on January 5, 2007, Plaintiff applied for benefits on Katelyn's behalf. [R. 575.] Further, in a letter to the Appeals Council dated June 18, 2008, Tyler asked that his application for disability insurance benefits be amended to reflect he was the father of a minor child. [R. 569.]

2

## THE PARTIES' POSITIONS

Plaintiff contends the Commissioner erred in denying Katelyn benefits from October 1, 2000[3] through December 2005. [Doc. 30 at 3, 5.] Plaintiff argues it is wrong for the Commissioner to penalize Katelyn for her father's failure to list her on his application for disability. [*Id.* at 5.] Plaintiff seeks the reversal of the Commissioner's decision, a jury trial, and a refund of her $350.00 filing fee. [*Id.*]

The Commissioner contends the ALJ's decision is supported by substantial evidence because the ALJ's finding that Katelyn's eligibility for benefits began in January 2006, twelve months before Plaintiff applied for benefits on Katelyn's behalf, is legally correct. [Doc. 33 at 3–6.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than

---

[3] As stated above, October 1, 2000 is Tyler's onset of disability date. At the administrative level, Plaintiff sought a determination that Katelyn was entitled to benefits beginning February 2003. [*See, e.g.*, R. 47.]

a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "'allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ),'" not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the

cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

## APPLICABLE LAW

**Written Application Requirement**

Under Title II of the Social Security Act ("the Act"), the child of an individual entitled to DIB may receive child's insurance benefits. 42 U.S.C. § 402(d). However, to be eligible for these benefits, the child must file an application for child's insurance benefits, *id.* § 402(d)(1)(A); 20 C.F.R. §§ 404.350(a)(3), 404.603, which must be on a form and in a manner prescribed by the Administration, 20 C.F.R. § 404.610. Thus, "[f]iling a written application is a 'substantive condition' to receiving child's insurance benefits, even 'when the applicant is a minor seeking retroactive benefits.'" *Shepherd ex rel. Shepherd v. Chater*, 932 F. Supp. 1314, 1317 (D. Utah 1996) (quoting *Johnson v. United States*, 572 F.2d 697, 698 (9th Cir. 1978)); *see also Schweiker v. Hansen*, 450 U.S. 785, 790 (1981) (per curiam) ("Congress expressly provided in the Act that only one who 'has filed application' for benefits may receive them, and it delegated to petitioner the task of providing by regulation the requisite manner of application. A court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits.").

5

Further,"[i]t is the date on which the application is filed, and not the date on which the claimant is ultimately determined to be eligible, that triggers his entitlement to benefits under the Act." *Wright v. Califano*, 603 F.2d 666, 671 (7th Cir. 1979); *see* 42 U.S.C. § 402(d)(1)(C)(iii). However,

> the effective date of a written application may be established before its actual filing by a "protective filing." A protective filing is made by taking such steps as calling the administration to inquire about children's insurance benefits or listing the child's name on the parent's disability application. *See* Program Operations Manual System § GN 00204.010A.4.a.

*Shepherd*, 932 F. Supp. at 1317.[4]

**Retroactive Benefits**

"'The filing of an application is a prerequisite to the entitlement to benefits, and benefits cannot be paid for periods earlier than the retroactive limit provided for in the Act.'" *Morton v. Barnhart*, No. 02-CV-4166, 2003 WL 1856530, at *4 (S.D.N.Y. Apr. 4, 2003) (quoting *Driver v. Heckler*, 779 F.2d 509, 511 (9th Cir. 1985)) (collecting cases supporting this proposition). Generally, a claimant who is found eligible for insurance benefits is entitled to retroactive benefits for a period of up to twelve months preceding the effective date of the application. 42 U.S.C. §§ 402(j)(1), 423(b). This statutory twelve-month limit on retroactive benefits applies to claims for child's insurance benefits. *Id.*

---

[4] The Act also provides that an applicant may receive the benefit of an earlier filing date if the claimant failed to file on the earlier date because of misinformation received from an Administration employee as to the claimant's eligibility for benefits. 42 U.S.C. § 402(j)(5) (stating that the claimant "shall be deemed to have applied for such benefits on the later of– (A) the date on which such misinformation was provided to [the claimant], or (B) the date on which such individual met all requirements for entitlement to such benefits (other than application therefor)"); *see also* 20 C.F.R. § 404.633(c) (outlining requirements to receive benefit earlier filing date based on misinformation provided by an Administration employee).

## DISCUSSION

Plaintiff's arguments in this action center on the contention that it is inequitable to deny Katelyn insurance benefits because Tyler failed to identify Katelyn as his minor child in his application for disability benefits. [*See* Doc. 30 at 5.] While the Court understands Plaintiff's frustration, the Court is bound to apply the law, which supports the Commissioner's decision to limit Katelyn's retroactive award to twelve months of benefits.

Courts have uniformly refused to find equitable exceptions to the statutory limit on retroactive benefits because Congress clearly intended to limit retroactive awards of benefits. For example, in *Yeiter ex rel. Yeiter v. Secretary of Health & Human Services*, the United States Court of Appeals for the Sixth Circuit rejected an argument that the limit should not apply to a mentally incompetent claimant:

> Prior to 1958, there were no retroactive benefits. When Congress amended the statute to allow such benefits, it limited them to twelve months. . . . Congress was aware that persons were losing benefits they otherwise were entitled to because they did not file timely applications. Nonetheless, in unambiguous language, it chose to limit retroactivity to twelve months.

818 F.2d 8, 9 (6th Cir. 1987); *see also Howard v. Barnhart*, 2006 WL 305464, at *3 (S.D.N.Y. Feb. 7, 2006) ("The lower courts have . . . den[ied] benefits beyond the retroactive limit provided for in the Social Security Act, even if claimants would have been entitled to further benefits had they filed the application earlier. This result is the same, even under circumstances that might justify an equitable adjustment, such as inability to apply due to a physical disability or fault of another." (internal citations and footnote omitted)); *Tusson v. Bowen*, 675 F. Supp. 1032, (E.D. La. 1987) (denying the claimant

7

retroactive benefits for the entire period he was disabled, even though he was unable to file for a period of years because of a mental disability, because the twelve-month limit on retroactive benefits applied and did not violate the claimant's rights to due process or equal protection), *aff'd*, 847 F.2d 284 (5th Cir. 1988); *Sweeney v. Sec. of Health, Educ. & Welfare*, 379 F. Supp. 1098, 1100 (E.D.N.Y. 1974) (holding "there seems no doubt that equitable considerations are irrelevant" to the application of a statutory requirement that has a clear meaning, such as the limit on retroactive benefits).

Further, in a case substantially similar to the action before the Court, the United States District Court for the Eastern District of New York upheld the Commissioner's denial of child's insurance benefits for more than one year prior to the claimant's application. *Carpenter ex rel. Espada v. Barnhart*, No. CV020828DRHWDW, 2003 WL 22071574 (E.D.N.Y. Aug. 29, 2003). In *Carpenter*, a mother filed for insurance benefits on behalf of her minor daughter in June 1997, based on the minor's father's receipt of benefits. *Id.* at *1. The minor was born in December 1989, and the father executed an affidavit in August 1990 swearing he was the minor's father. *Id.* The minor's father had applied for disability insurance benefits in November 1992; he stated on his application for disability insurance benefits that he had no children who might be entitled to benefits. *Id.* The father's application was granted, awarding him benefits effective December 1991. *Id.* In July 1996, the mother learned the father was receiving benefits, and an Administration employee encouraged the mother to file an application for benefits on her daughter's behalf, but the mother did not file an application until June 1997. *Id.* The application was granted, and the daughter was awarded benefits effective June 1996, twelve months prior to the filing

date of her application. *Id.* The mother administratively appealed this decision, and finally appealed to the district court, arguing the daughter was entitled to benefits effective December 1991, when the father's benefits began. *Id.*

As in this case, the mother in *Carpenter* argued before the court that it was inequitable to deny the daughter child's insurance benefits because the father did not correctly complete his application for disability benefits. *Id.* at *3. In upholding the Commissioner's decision that the daughter was not entitled to retroactive benefits beyond one year prior to the date of her application, the court noted other courts had strictly interpreted the applicable statutes to conclude filing an application is a prerequisite to the entitlement to benefits and that benefits cannot be paid beyond the twelve-month limit on retroactive benefits. *Id.* (quoting *Morton*, 2003 WL 1856530, at *4). The court also noted the filing requirement was not waivable. *Id.* (citing *Shepherd*, 932 F. Supp. at 1316). Further, the court found the mother did not advance the argument that she failed to apply earlier based on misinformation from the Administration; rather, the mother argued there was no earlier application based on misinformation from the father to the Administration. *Id.* at *4. The court concluded

> The relief requested by Plaintiff is not provided by statute, regulation or internal administrative procedures. Neither has the Court's research revealed any cases where this species of relief was utilized. In fact every court that has been asked to apply an equitable remedy has denied that request. *See, e.g., Morton*, No. 02–CV–4166, 2003 WL 1856530, at *4. In light of these observations, the Court declines to grant the remedy urged by Plaintiff. Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence.

> This outcome is indeed regrettable, as a child is prevented from recovering statutorily provided funds through no fault of her own. However, the Court notes two further items to support its conclusion. First, the Court notes that [the daughter] has and will continue to receive disability benefits from June 1996 until 2007, when she turns eighteen. This decision does not alter that fact. Second, "[c]ongressional intent [in this statute] is unmistakable: s[ection] 402(j)(1) explicitly limits retroactive benefits to one year prior to filing." *Johnson v. United States*, 572 F.2d 697, 699 (9th Cir. 1978). "[Alt]hough this conclusion may seem harsh, we must follow the plain mandate of Congress when, as here, it is acting within its powers to prescribe conditions and limitations as a means of preserving the fiscal integrity of the [Social Security] fund." *Id.* As such, a "straightforward application" of the twelve-month limit, "without regard to equitable considerations, [i]s correct." *Sweeney v. Secretary of Health, Educ. & Welfare*, 379 F. Supp. 1098, 1100 (E.D.N.Y. 1974). These observations, especially the clearly expressed intent of Congress, aid the Court in those murky circumstances, such as the instant case, where the required legal outcome does not allow for an accounting of its acutely human consequences.

*Id.*

Likewise, this Court is restrained by the law to conclude Katelyn is not entitled to benefits prior to January 2006, one year prior to the application for child's insurance benefits filed on her behalf. Plaintiff filed an application for child's benefits on Katelyn's behalf on January 5, 2007. [R. 112–18.] By failing to indicate on his application he had a minor child, Tyler failed to establish a protective filing date for Katelyn's application of February 2004, the date of Tyler's application.[5] *See Shepherd*, 932 F. Supp. at 1317

---

[5] To the extent Plaintiff argues Katelyn is equitably entitled to a retroactive award because Tyler was incompetent at the time his application was completed, the Court finds such an equitable argument unpersuasive for the reasons stated in *Yeiter*. *See* 818 F.2d at 9–11 (holding (1) there is no basis to conclude the twelve-month limit on retroactive benefits is inapplicable to certain disabilities and another person could file an application for an incompetent claimant; (2) the application requirement is nonwaivable; (3) "there is nothing fundamentally unfair in conditioning benefits upon the filing of an application," such that the denial of retroactive benefits does not violate the Due Process Clause of the Fifth Amendment; and (4) denying retroactive benefits to the mentally incapacitated does not violate equal protection because "all claimants

(stating a protective filing date may be established by listing the child's name on the parent's disability application). Accordingly, Katelyn is entitled to a retroactive award of benefits only for the twelve months prior to January 2007, the date of her application. Consequently, the Court finds the ALJ's application of the twelve-month statutory limit on retroactive benefits is supported by substantial evidence.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends the Commissioner's decision be AFFIRMED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

February 10, 2012
Greenville, South Carolina

---

receive retroactive benefits for the same period—one year[, and] Congress' purpose in limiting benefits to one year has a rational basis in that it preserves the fiscal integrity of the social security trust fund.").